14-1421-cv
*Mental Hygiene Legal Service v. Cuomo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT: GUIDO CALABRESI,
     JOSÉ A. CABRANES,
     RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

---

MENTAL HYGIENE LEGAL SERVICE,

   *Plaintiff-Appellant,*

     v.            No. 14-1421-cv

ANDREW CUOMO, in his official capacity as Governor of the State of New York et al.,

   *Defendants-Appellees,*

ATOOSA P. MAMDANI et al.,

   *Defendants.*[*]

---

**FOR PLAINTIFF-APPELLANT:**   SADIE ZEA ISHEE (Dennis B. Feld, Maura M. Klugman, Deborah P. Mantell, *on the brief*), Mental Hygiene Legal Service, New York, NY.

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

**FOR DEFENDANTS-APPELLEES:**  STEVEN C. WU, Deputy Solicitor General (Barbara D. Underwood, Solicitor General, Cecelia C. Chang, Special Counsel to the Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Mental Hygiene Legal Service ("MHLS") appeals from the District Court's March 31, 2014 judgment dismissing for lack of standing its challenge to the constitutionality of certain provisions of the New York Sex Offender Management and Treatment Act, N.Y. Mental Hyg. Law § 10 ("SOMTA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Whether a plaintiff has standing to sue is a question of law, which we review *de novo*." *Disability Advocates, Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 156 (2d Cir. 2012). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Where an association is not a traditional voluntary membership organization, its constituents must nevertheless possess sufficient "indicia of membership." *Id.* at 344. *See generally Disability Advocates*, 675 F.3d at 157. Alternatively, litigants seeking to assert third-party standing must satisfy three important criteria: "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute, the litigant must have a close relation to the third party, and there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (internal citations omitted).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed MHLS's complaint for lack of associational standing. MHLS concedes that its constituents do not "elect" its members, do not "serve" on the association, and do not "finance its activities." *Hunt*, 432 U.S. at 344. Instead, MHLS's directors are appointed by the New York State judiciary, MHLS must follow a statutorily mandated advocacy program, and MHLS's budget is controlled by New York's Office of Court Administration. Appellant's Br. 7. Although MHLS represents and advises individual constituents as counsel, those constituents lack sufficient "indicia of membership" in MHLS for it to provide them "the means by which they express their collective views and protect their collective interests." *Hunt*, 432 U.S. at 345; *see also Disability Advocates*, 675

F.3d at 158–59 ("Tellingly, there is scant evidence in the record that the individuals with mental illness whom DAI purports to represent have the power to elect its directors, make budget decisions, or influence DAI's activities or litigation strategies.").

The District Court also properly found that MHLS lacks third-party standing. Although MHLS argues that its constituents' privacy concerns, fear of retaliation, and mental disabilities hinder their ability to bring lawsuits to vindicate their rights, there is scant evidence in the record of such hindrance. Quite the contrary, MHLS concedes that it already has represented constituents in numerous lawsuits in New York State court raising the same constitutional claims at issue here. *See, e.g.*, *State v. Enrique T.*, 937 N.Y.S.2d 203 (1st Dep't 2012) (holding that pre-trial detention claims under Mental Hygiene Law § 10.06(k) were not moot because they were likely to evade review). On this record, we see no reason why, pursuant to its statutory mandate, MHLS will not continue to represent its constituents and assert these claims in such individual suits, which will predictably arise in the course of state court proceedings under SOMTA. Accordingly, regardless of whether MHLS has established an "injury-in-fact," third-party standing is not appropriate in this case "as a prudential matter." *Singleton v. Wulff*, 428 U.S. 106, 112 (1976).

## CONCLUSION

We have considered all of the arguments raised by MHLS on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 31, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3